IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Catherine Zang, *et al.*,

    Plaintiffs,

v.

Joseph Zang, *et al.*,

    Defendants.

Case No. 1:11-cv-00884

Chief Judge Susan J. Dlott

**ORDER GRANTING DEFENDANTS' MOTION TO DISQUALIFY**

This matter is before the Court on the motion to disqualify Plaintiffs' counsel filed by Defendants Mary Jill Donovan, Donovan Law, Joseph Zang, and Joseph Zang Custom Builders. (Doc. 11.) For the reasons that follow, the motion is **GRANTED**.

I.    <u>Background</u>

Plaintiff Catharine Zang and Defendant Joseph Zang are recently divorced. During the divorce and custody proceedings, Ms. Zang learned that Mr. Zang had installed audio and video surveillance equipment in the marital residence and spyware on a computer in the home. Ms. Zang and the other Plaintiffs filed suit against Mr. Zang, Carla Bergmann, Joseph Zang Custom Builders, Zang General Contractors, Mary Jill Donovan, Michael McCafferty, and Donovan Law asserting claims under the federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*, together with state law claims for invasion of privacy, conspiracy to commit invasion of privacy, and violations of the Ohio wiretap statute, Ohio Rev. Code § 2933.52 *et seq.* The Complaint alleges that Ms. Zang's conversations and emails with the other named Plaintiffs were intercepted and subsequently used by Defendants as leverage in the divorce and custody proceedings.

Mr. Zang admits that he installed monitoring software on the computer and a video camera with audio in the home. (Zang Answer, Doc. 8 at 4.) In his defense, Mr. Zang alleges

1

that he installed the spyware on the computer on the advice of counsel—counsel being his former brother-in-law and Plaintiffs' attorney in this matter, Donald Roberts. *Id.* at 9. Specifically, Mr. Zang alleges that he sought legal advice from Roberts in January or February of 2009 while the two were working on a relative's home. (Zang Aff. ¶4, Doc. 12.) According to Mr. Zang, he confided in Roberts that he suspected Ms. Zang of infidelity. *Id.* ¶4. Mr. Zang alleges that Roberts advised him to install a program called "Web Watcher" on the computer in the marital home, that Roberts assured him that he recommended this program to his other domestic relations clients, and that Roberts even suggested stores where Mr. Zang could find the software. *Id.* ¶5. After this conversation, Mr. Zang claims that he paid Roberts one dollar "as a retainer for his legal services." *Id.* ¶6. Mr. Zang then purchased and installed the Web Watcher program. *Id.* ¶8. For his part, Roberts denies that a legal relationship existed between he and Mr. Zang and insists that he never advised Mr. Zang to install spyware on the computer. (Pls.' Resp., Doc. 19 at 3-4.)

On April 24, 2012, Mr. Zang, along with defendants Mary Jill Donovan, Donovan Law, and Joseph Zang Custom Builders filed a motion to disqualify Roberts based upon Ohio Rules of Professional Conduct 3.7 and 1.9. (Doc. 11.) Mr. Zang also filed a third-party complaint against Roberts for legal malpractice. (Doc. 26.)

II.  Analysis

Defendants first move to disqualify Roberts as counsel for Plaintiffs pursuant to the witness-advocate rule set out in Rule 3.7 of the Ohio Rules of Professional Conduct. Subsection (a) of the Rule provides:

> A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
>
> (1) the testimony relates to an uncontested issue;

2

>   (2) the testimony relates to the nature and value of legal services
>   rendered in the case;
>   (3) the disqualification of the lawyer would work substantial
>   hardship on the client.

Ohio R. Prof. Conduct 3.7. To meet the "necessity" requirement under Rule 3.7, Defendants must demonstrate that Roberts' testimony "is relevant and material to the determination of the issues being litigated and unobtainable elsewhere." *Brown v. Spectrum Networks, Inc.*, 904 N.E. 2d 576, 580 (Ohio Ct. App. 2008).

Defendants contend that Roberts' testimony is relevant and material to Mr. Zang's affirmative defenses and, specifically, to his allegation that Roberts advised him to install the spyware at issue. In an affidavit submitted in support of the motion to disqualify, Mr. Zang states that he sought legal advice from Roberts in 2009 and that Roberts advised him to install the spyware program on the computer in the marital home. (Zang Aff. ¶ 5.) Mr. Zang alleges that he paid Roberts for his legal advice and later installed the recommended software. *Id.* ¶¶ 6, 8. Defendants intend to use these facts to assert advice of counsel as a defense to the federal and state wiretap claims.

In opposition to Defendants' arguments for disqualification, Roberts denies that he ever represented Mr. Zang and insists that he never advised Mr. Zang "to record, videotape, use any computer program (including but not limited to 'web watcher') to eavesdrop or otherwise intercept communications between persons where he is not a party to such communications." (Pls.' Resp., pp. 3-4.) Based on these assertions, Roberts claims that he is not a necessary witness.

The Court finds that Roberts will likely be called as a witness at trial and that his testimony is both material and relevant. Regardless whether reliance on the advice of counsel is a complete defense to a civil action brought under the wiretap statutes, this issue is relevant to

3

any consideration of damages in this case. Both the federal and Ohio wiretap statutes provide for punitive damages in "appropriate" cases. 18 U.S.C. § 2520(b) and Ohio Rev. Code § 2933.65(A). Specifically, section § 2520(b)(2) of the federal Wiretap Act "expressly permits the award of punitive damages when the aggrieved party demonstrates that a wanton, reckless or malicious violation of the Act has occurred." *Smoot v. United Transp. Union*, 246 F.3d 633, 647 (6th Cir. 2001) (internal quotes omitted). Thus, any evidence tending to show that Mr. Zang believed he was acting lawfully may be pertinent to the determination of whether he acted with the sufficient state of mind to make the award of punitive damages appropriate. Besides Mr. Zang, Roberts may be the only other witness who has personal knowledge on this point.

The next step in the required analysis under Rule 3.7(a) is to determine if any of the enumerated exceptions are present. In opposition to Defendants' motion, Roberts invokes only subparagraph (a)(3) of Rule 3.7, namely that his disqualification would work a substantial hardship on his clients. In support of this assertion, Roberts states only that Plaintiffs have "limited resources." (Pls.' Resp., p. 4.) Given that this case is in the very early stages, the Court does not find substantial hardship present. No dates have been set and the parties have conducted little, if any, discovery. In the Court's view, Plaintiffs will have ample time to find new counsel and new counsel will have ample time to prepare the case.

Given that Roberts is likely to be a necessary witness, not to mention that he is a third-party defendant in Mr. Zang's legal malpractice claim, the Court finds that Roberts should be disqualified as counsel for Plaintiffs.[1]

---

[1] Defendants also move to disqualify Mr. Roberts as counsel for Plaintiffs pursuant to Ohio R. Prof. Conduct Rule 1.9 ("Duties to Former Clients"). Because the Court has already concluded that Roberts should be disqualified pursuant to Rule 3.7, it need not resolve whether he should likewise be disqualified under Rule 1.9.

4

III.   Conclusion

For the foregoing reasons, Defendants' motion to disqualify Plaintiffs' counsel is **GRANTED**.  (Doc. 11.)

**IT IS SO ORDERED.**

Chief Judge Susan J. Dlott
United States District Judge