UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CATHERINE J. ZANG, et al.,          Lead Case No. 11-cv-884

    Plaintiffs          Dlott, J.
         Bowman, M.J.
  v.

JOSEPH ZANG, et al.,

    Defendants

------------------------------------------------------------------------

JAVIER LUIS,          Case No. 1:12-cv-629

    Plaintiff,          Dlott, J.
  v.          Bowman, M.J.

JOSEPH ZANG, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

As of November 15, 2012, the above captioned cases have been consolidated, with all future filings to be docketed solely in Case No. 1:11-cv-884. However, at the time of consolidation, six motions remained pending in Case No. 1:12-cv-629 that were unaffected by the subsequent consolidation. Because Case No. 1:12-cv-629 was initially filed by a *pro se* Plaintiff, Javier Luis, the pending motions were automatically

referred to a magistrate judge pursuant to the practice and procedure of this Court. This Report and Recommendation addresses those previously filed motions, but is filed in the Lead Case No. 11-cv-884 based upon the Court's subsequent consolidation order. (Doc. 98 in Case No. 12-cv-629; Doc. 43 in Case No. 11-cv-883).

## I. Procedural Background of Pending Motions (Docs. 23, 43, 44, 68, 72, 77)

Plaintiff initiated this litigation in Florida by filing two separate complaints against various Defendants in both state and federal courts. Plaintiff's earlier filed state case was subsequently removed by Defendants to federal court, and the two "nearly identical" cases were consolidated by the presiding district judge in Florida. (Doc. 17 at 4). On August 20, 2012, United States District Judge Virginia Hernandez granted the motions of several Defendants to transfer Plaintiff's case from Florida to this district, based upon improper venue in Florida, and the existence of a first-filed and closely related case in this Court. (Doc. 63, referring to Case No. 11-cv-884).

Due to an administrative oversight, the motions granted by Judge Hernandez's Order continue to show on this Court's list of pending motions. (Docs. 43, 44). In addition, although the record received by this Court reflects that Judge Hernandez initially Noticed a hearing on a third motion then pending before her, (see Docs. 23, 46), that hearing was vacated and the case transferred without addressing the third motion.

On August 28, 2012, a few days after transfer of the case to this Court, Defendant Awareness Technologies filed a motion to dismiss for failure to state a claim. (Doc. 68). As Plaintiff notes in his response, (Doc. 76), that motion sought to dismiss Plaintiff's original complaint, which was superseded by an Amended Complaint,

2

rendering Defendant's motion moot. In lieu of filing a reply and in recognition of that fact, Defendant Awareness Technologies filed a second motion to dismiss Plaintiff's Amended Complaint on September 21, 2012. (Doc. 77). Plaintiff filed a response to that motion, to which Defendant filed a reply. (Docs. 91, 95). With leave of Court, Plaintiff recently filed a sur-reply. (Doc. 97).

The last pending motion is a joint motion by several Defendants for an extension of time in which to file their Answers, up to and including September 25, 2012. (Doc. 72). The record reflects that the Answers to Plaintiff's Amended Complaint were filed within the time requested. Although Plaintiff opposed any extension, (Doc. 74), the undersigned finds good cause for granting the extension retroactively.

**II. Analysis**

**A. Defendants' Motions To Dismiss for Lack of Venue (Docs. 43, 44)**

The record should be corrected to reflect that Defendants' motions to dismiss for lack of personal jurisdiction and improper venue, or in the alternative, to transfer venue (Docs. 43, 44) were in fact granted in part by then-presiding U.S. District Judge Hernandez. (Doc. 63). Judge Hernandez specifically granted the alternative relief requested prior to transferring the case to this Court. To the extent that any additional analysis is required, the portions of the motions requesting dismissal should be denied as moot.

**B. Plaintiff's Motion To Remand and Quash Consent (Doc. 23)**

On July 11, 2012, Plaintiff filed a motion seeking to remand to state court, and to "quash consent to join removal" the litigation that he first initiated against Defendants in

3

Florida state court, which had been removed by Defendants to the Middle District of Florida, Tampa Division on May 1, 2012. (Docs. 23, 37). Although the undersigned finds the arguments contained in Defendants' responses to Plaintiff's motion to be meritorious, (see Docs. 25, 37, 45), Plaintiff's motion to remand also can be denied as moot on procedural grounds.

The motion was arguably moot at the time it was filed, due to the full consolidation of the case for which Plaintiff sought remand into Plaintiff's second "nearly identical" federal case, docketed in the Florida Middle District as Case No. 8:12-cv-500. (See Docs. 17, 22, 36). Plaintiff subsequently complied with the Court's directive to file an Amended Complaint in his lead case. As stated, the presiding district judge later transferred the consolidated case to this district on grounds that venue in Florida was improper. In short, by the time Plaintiff filed his motion to remand, there was no longer a case in existence that could be remanded to state court. The record further reflects a lack of personal jurisdiction and venue in Florida. Therefore, Plaintiff's motion should be denied as moot. Alternatively, the undersigned would recommend denial for the reasons stated in Defendants' responses in opposition.

### C. Motions by Defendant Awareness Technologies (Docs. 68, 77)

The first motion by Defendant Awareness Technologies, to dismiss Plaintiff's original complaint (Doc. 68), is clearly moot.

Defendant's second motion, on which briefing was completed recently, (see Doc. 99, 1/15/13 Order accepting sur-reply), requires more detailed analysis. Although it is the general preference of the undersigned to rule on all pending motions at once, in this

4

instance issues of judicial economy preclude full analysis of the Defendant's later-filed motion in this Report and Recommendation.  Therefore, the undersigned will issue a supplemental R&R on the referenced motion as soon as practicable.

### D.  Defendants' Motion to Extend Time to Answer (Doc. 72)

As this motion is non-dispositive, it will be granted by separate order filed herewith.

### III.  Conclusion and Recommendation

For the reasons discussed herein, **IT IS RECOMMENDED THAT**:

1.  Defendants' motions to dismiss or to transfer venue (Docs. 43, 44) be **GRANTED** as reflected in the prior order of U.S. District Judge Hernandez (Doc. 63). To the extent that full relief was not previously granted, the motions should be denied as moot;

2.  Plaintiff's motion to remand this case to state court (Doc. 23) be **DENIED AS MOOT**, or alternatively on the merits;

3.  The motion of Defendant Awareness Technologies to dismiss Plaintiff's original complaint (Doc. 68), be **DENIED AS MOOT**.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CATHERINE J. ZANG, et al., | Lead Case No. 11-cv-884 |
| Plaintiffs | Dlott, J. |
| | Bowman, M.J. |
| v. | |
| JOSEPH ZANG, et al., | |
| Defendants | |

-----------------------------------------------------------------------

| | |
|---|---|
| JAVIER LUIS, | Case No. 1:12-cv-629 |
| Plaintiff, | Dlott, J. |
| v. | Bowman, M.J. |
| JOSEPH ZANG, et al., | |
| Defendants. | |

### NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).