UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CATHERINE J. ZANG, et al.,                 Lead Case No. 1:11-cv-884

        Plaintiffs                                 Dlott, J.
                                                     Bowman, M.J.
    v.

JOSEPH ZANG, et al.,

        Defendants

-------------------------------------------------------------------------

JAVIER LUIS,                                            Case No. 1:12-cv-629

        Plaintiff,                                  Dlott, J.
    v.                                                     Bowman, M.J.

JOSEPH ZANG, et al.,

        Defendants.

**MEMORANDUM ORDER**

**I. Background**

The above two cases have been consolidated solely for the purposes of pretrial proceedings. Both cases relate to underlying divorce and custody proceedings between Catherine Zang and Joseph Zang in the Hamilton County Ohio Court of Common Pleas. During the course of those state proceedings, Plaintiff Catherine Zang learned that her now ex-husband had installed audio and video surveillance equipment in the marital residence, and spyware on a home computer. In Case No. 1:11-cv-884, Plaintiff Catherine Zang and five additional individuals filed suit against multiple corporate and

1

individual defendants in this Court, asserting claims under the federal Wiretap Act as well as claims under state law.

During the underlying divorce proceedings, Mr. Zang produced emails and messages between Catherine Zang and a resident of Florida, Javier Luis. Although Mr. Luis did not join the Ohio federal litigation when it was first filed by Catherine Zang, he subsequently filed separate *pro se* actions against many of the same defendants in both federal and state court in Florida. After the defendants in the Florida state action removed that case to federal court, the federal court consolidated the two cases filed by Plaintiff Luis. (Doc. 17 in Case No. 1:11-cv-884). Thereafter, several Defendants in the Florida federal case moved to dismiss for lack of personal jurisdiction and improper venue. On August 20, 2012, the United States District Court for the Middle District of Florida granted Defendants' motions, agreeing that Mr. Luis's case should be transferred to Ohio based upon the lack of personal jurisdiction over the Defendants[1] and improper venue in Florida. (Docs. 63, 64 in Case No. 1:12-cv-629). Mr. Luis's case was thereafter consolidated for purposes of pretrial proceedings with the first filed case of *Catherine Zang, et al. v. Joseph Zang, et al.*, Case No. 11-cv-884.

Non-dispositive motions in both cases have been referred to the undersigned magistrate judge, as have dispositive motions in Case No. 12-cv-629. The undersigned has reviewed all pending motions and finds no need for oral argument.

**II. Analysis of Currently Pending Motions**

In Lead Case No. 1:11-cv-884, Plaintiffs' counsel (for Catherine Zang and five additional individuals) has moved to withdraw from representation. (Doc. 76). In

---

[1]The Florida Court noted that all named Defendants resided in Ohio, with the exception of Awareness Technologies, a California corporation. The undersigned has since recommended the dismissal of

2

addition, *pro se* Plaintiff Javier Luis (who is a party only in Case No. 1:12-cv-629) has moved for a modification of the current pretrial scheduling order applicable to both cases. (Docs. 86, 87). Last, Plaintiff Luis has moved for the entry of a protective order and to quash his recently Noticed deposition. (Docs. 98, 99). In addition, in Case No. 1:12-cv-629, Defendant Awareness Technologies has moved to strike the amended complaint filed by Plaintiff Luis on May 1, 2013 (Doc. 122). The motion of Catherine Zang's attorney to withdraw in that case also is pending on that docket sheet to the extent that it impacts the consolidated cases (Doc. 123), as is a motion for leave to proceed *in forma pauperis* filed by Mr. Luis (Doc. 141).

**A. Motion to Withdraw as Attorney for Catherine J. Zang**

In response to the initial complaint by Catherine Zang and five others, Mr. Zang alleged that he installed the spyware on the advice of counsel, his former brother-in-law and Catherine Zang's first attorney in this federal litigation, Donald Roberts. In April 2012, Mr. Zang and other defendants moved to disqualify Roberts from representing all Plaintiffs in Case No. 1:11-cv-884, pursuant to the witness-advocate rule set out in Rule 3.7 of the Ohio Rules of Professional Conduct. Finding the existence of that basis for disqualification, notwithstanding counsel's denial that he ever gave the claimed advice to Mr. Zang, the presiding district judge granted the motion and disqualified Mr. Roberts on August 30, 2012.[2] (Doc. 30 in Case No. 1:11-cv-884). At that time, the Court expressed the view that "Plaintiffs will have ample time to find new counsel and new counsel will have ample time to prepare the case." (*Id.*).

---

Awareness Technologies; that Report and Recommendation remains pending. (Doc. 109).
[2]The Court noted that not only was Mr. Roberts likely to be called as a necessary witness to Mr. Zang's defense, but that Mr. Zang had filed a third party complaint against Mr. Roberts for legal malpractice, adding to the basis for disqualification. However, the Court explicitly declined to resolve whether Roberts

Just over a month later on October 9, 2012, attorney Jennifer Coriell entered her appearance on behalf of all Plaintiffs in Case No. 1:11-cv-884. (Doc. 39). Following consolidation of that case with Case No. 1:12-cv-629 for pretrial purposes, Ms. Coriell electronically signed the joint Rule 26(f) Report filed by all parties. (Doc. 51 in Case No. 1:11-cv-884). On March 15, 2013, the undersigned entered a scheduling order that directed the parties to complete discovery by January 15, 2013, and to file any dispositive motions not later than March 4, 2014 (Doc. 72).

On May 6, 2013, Ms. Coriell filed a motion to withdraw from representation of all six named Plaintiffs in Case No. 1:11-cv-884. The entirety of her memorandum in support of that motion reads: "Attorney for Plaintiffs, The Law Office of Jennifer Coriell, has found it necessary to limit the firm's practice to criminal and domestic matters." (Doc. 76). The motion was not supported by an affidavit or other evidence supporting good cause for withdrawal, as required by Local Rule 83.4(c)(2), nor did the motion indicate on its face that it had been served on any of Ms. Coriell's clients.

There is ample opposition to Ms. Coriell's motion, both by parties adverse to Plaintiffs' interests and by the named Plaintiffs themselves. (*See* Docs. 79, 80, 81, 83, 84, 85). In Case No. 1:11-cv-884, Defendants Mary Jill Donavan, Michael McCafferty, Donovan Law ("Donovan Defendants"), third-party Defendant Donald Roberts, Plaintiff Susan Roberts, and Plaintiffs Catherine Zang, her four minor children ("Holbrook children"), and Plaintiff Mary McDonald all object to the withdrawal of their retained counsel. In Case No. 1:12-cv-629, Defendants Joseph Zang and Mary Zang, Plaintiff Luis, and third-party Defendant Donald Roberts also object. Ms. Coriell has filed no reply to any of the responses in opposition to her motion. Because virtually of the

---

should also be disqualified under Rule 1.9 ("Duties to Former Clients.").

4

responses in opposition have merit, and because counsel's motion fails to comply with the requirements of LR 83.4, the motion could be denied.

At the same time, the Court recognizes that many legitimate reasons that satisfy the "good cause" required for the withdrawal of counsel may exist in this case, including irreconcilable differences that frustrate meaningful continued representation.  In two responses filed by the various named Plaintiffs, Plaintiffs indicate that Ms. Coriell entered into a valid retainer agreement "after a lengthy search for counsel," and "made no known attempts to contact Plaintiffs to advise of her intent to withdraw, nor locate substitute counsel, or advise of any updates to the case since being retained."  (Docs. 84, 85).  Plaintiffs also note that Ms. Coriell "has failed to appear for two telephone conferences, advise clients of deadlines, now missed and submission of [sic] required documents to the Court."  (*Id.*).

Although the precise dates of conferences and deadlines to which Plaintiffs refer are unclear, the Court's scheduling order required Plaintiffs to complete initial Rule 26(a)(1) disclosures by April 1, 2013, to identify experts under Rule 26(a)(2) by May 1, 2013, and to file any motions to amend their pleadings by May 1, 2013.  (Doc. 72).  All of those deadlines had expired *prior to* the date that counsel moved to withdraw.  In any event, what is clear is that Plaintiffs are unhappy with the performance of counsel to date, including her unanticipated motion to withdraw.  Therefore, Plaintiffs seek an order requiring current counsel to assist "in locating substitute counsel, setting Plaintiff's position in the case to a state of compliance with all required submissions, discovery responses, requests and any matters pending."  (Docs. 84, 85).

Whenever a client is unhappy with their own selection of retained counsel,

5

particularly when the disagreement comes to light well into the discovery period and following the expiration of critical deadlines, the Court is faced with difficult decisions concerning how best to proceed.  After all, it is the Plaintiffs who filed this litigation and who have the obligation to continue the timely prosecution of their claims.  Here, six individual Plaintiffs first filed suit with the assistance of retained counsel who was later disqualified, and who himself is a third party Defendant in this case.  Just over a month following the disqualification of their first attorney, in October 2012, new counsel filed her appearance. It was not until May of this year, after the expiration of several pretrial deadlines, that this Court first became aware of any disagreement between Plaintiffs and their second retained counsel.  Notwithstanding Plaintiffs' expressed dissatisfaction with Ms. Coriell's performance to date, a civil litigant has no Constitutional right of counsel.  In the usual course, a litigant must live with the decisions made by his or her counsel of choice in the underlying action and seek redress, to the extent warranted, through a separate malpractice action.

      Based on the lack of any right to counsel, this Court will not require Ms. Coriell to "assist" Plaintiffs in locating new counsel on their behalf.  On the other hand, the Court can and will require Ms. Coriell to file a status report, after consulting with her clients, concerning whether they might yet resolve their differences and continue representation.  If Ms. Coriell still wishes to withdraw, she should comply with L.R. 83.4 by filing a new motion at the same time that she files her status report.  In order to move this case forward and avoid further delay, the Court will include alternative deadlines by which the six Plaintiffs in Case No. 1:11-cv-884 (not including Mr. Luis) themselves may file joint or separate status reports to state clearly whether – if they no longer wish Ms.

Coriell to represent them - they have secured new counsel, wish to proceed *pro se*, or alternatively, no longer wish to prosecute their claims.

### B. Plaintiff Luis's Motion for Modification of Scheduling Order

As stated, the case filed by lead Plaintiff Catherine Zang in December 2011, and the case filed by *pro se* Plaintiff Luis in Florida and transferred to this Court in August 2012, have been consolidated for purposes of pretrial proceedings.  A joint pretrial scheduling order for both cases was docketed on March 15, 2013.  That order directed the parties to exchange initial Rule 26(a)(1) disclosures by April 1, 2013 and to file any motions to amend pleadings or add parties by May 1, 2013.  In addition, Plaintiffs were directed to identify any experts and provide expert reports by May 1, 2013, pursuant to Rule 26(a)(2), with Defendants to make corresponding disclosures by July 1, 2013.  All discovery is scheduled to be completed by January 15, 2014, with any dispositive motions to be filed by March 4, 2014.  (Doc. 72, Lead Case No. 1:11-cv-884).  The final pretrial conference and trial dates for the two cases have not yet been set by the presiding district judge.

On June 19, 2013, Plaintiff Luis moved to amend the Court's scheduling order for both cases "to expand the time allotted to move to amend pleadings and/or add parties and to identify plaintiff experts and provide reports."  (Doc. 86 at 1).  Plaintiff seeks a four-month post-hoc expansion of time in order to file a new motion to amend pleadings or add parties, up to September 3, 2013, with the same extension of time to provide his Rule 26(a)(2) expert disclosures.  He seeks a similar four month expansion of time to complete even initial disclosures under Rule 26(a)(1), until August 1, 2013.  The only deadlines that Plaintiff does not seek to extend are those that have not yet expired for

7

Plaintiffs– the discovery and dispositive motion deadlines.[3]

In order to demonstrate good cause for the proposed extensions, Plaintiff alludes to "events on the national stage concerning governmental intercepts of electronic communications" including but not limited to revelations concerning the use of national monitoring by the National Security Agency ("NSA"), which he believes to be relevant to this case. "Can there be any question that this present case merits more time to investigate the quickly evolving and related matters of a government gone rogue by using the same secret lab developed intercepting technologies that are present in this very case, and deployed by different tentacles of the same Constitutionally subversive Octopus?" (Doc. 86 at 7). Plaintiff states that he will "expose and explore" these issues in his "coming Second Amended Complaint" which he originally planned to submit by "June 23, 2013." (Doc. 86 at 4 and n.3). He also seeks more time in order to comply with "a mandatory waiting period for service of new government defendants." (Doc. 86 at 7). In an "Amended" motion to modify the scheduling order, Plaintiff explains that he has been "almost constant[ly] updating" his proposed Second Amended Complaint as more Snowden-related[4] revelations have been revealed by various sources, a process of rewriting that Plaintiff describes as "overwhelming." (Doc. 87 at 6).

Plaintiff asserts that progress in obtaining adequate discovery has been frustrated by Defendants "fraudulent filing" of the prior (successful) motion to disqualify counsel for the six Plaintiffs in Lead Case No. 1:11-cv-884, and by the current "problem with Jennifer Coriell." (Doc 86 at 5). In his Amended motion, Plaintiff reiterates and

---

[3] In one of Plaintiff's reply memorandum, he explains that he "did not know" if the discovery and dispositive motion deadlines would require future adjustment, and for that reason did not include those dates in his request. (Doc. 92 at n.2).

[4] Edward Snowden is the name of a former technical contractor for the NSA who allegedly leaked

8

elaborates on the alleged "fraud" comprised of the prior motion to disqualify.  Without specificity as to the nature of the alleged information he requires, what steps he took to obtain it, or how this possibly impacts the deadlines that expired *prior* to Ms. Coriell's moving to withdraw, he alleges that Ms. Coriell is "in control of information Plaintiff has needed to reference."  (Doc. 87 at 7).[5]  Plaintiff Luis also argues that Defendants will not be prejudiced, because an extension will jointly benefit relatively new defense counsel.

In three separate memoranda in opposition, Defendants strongly oppose Plaintiff's motion.  (See Docs. 88, 90, 96).  Plaintiff Luis has filed an individual reply memorandum to each memorandum in opposition.  (See Docs. 89, 92, 97).

Having reviewed all memoranda submitted, the undersigned will deny Plaintiff Luis's motion to extend the expired deadlines in either Case No. 1:11-cv-884 or in Case No. 1:12-cv-629, based upon the lack of a showing of good cause, the lack of proof of diligence in failing to comply with the deadlines prior to their expiration, and the likely prejudice to the Defendants.  The Donovan Defendants point out that Plaintiff Luis has not taken or requested a single deposition, has served no written discovery requests on any party, and has not issued subpoenas to any non-parties.  (Doc. 96).  In reply, Plaintiff essentially pleads ignorance of the Federal Rules of Civil Procedure and need for formal "discovery."  In light of Plaintiff's lengthy litigation history in this court and others, the Court is not persuaded by Plaintiff's claim that he simply did not understand that formal "discovery" was required by the deadline to which he previously agreed, after having participated in a discovery conference with other counsel and before this

---

information to the press, concerning national internet surveillance programs, in the spring of 2013.
[5]In a reply memorandum, Plaintiff Luis explains that he believes that Ms. Coriell, who he has never been able to contact, possesses evidence that would be helpful for filing a new amended complaint.  This is not good cause for failing to comply with the May 1 deadline.

9

Court.[6] Plaintiff's *pro se* status or newly professed ignorance does not excuse him from complying with local and federal rules of civil procedure.[7] For their part, Defendants represent that they have pursued discovery based on existing claims and parties, and chose not to retain any experts prior to their own July 1 deadline based upon Plaintiffs' failure to identify experts prior to Plaintiffs' May 1 deadline.[8] For that reason, and based upon the "countless hours" spent responding to the total of six prior complaints/ amended complaints filed by Plaintiff Luis,[9] Defendants reasonably complain that they will be greatly prejudiced by the retroactive expansion of all of the Plaintiffs' expired deadlines, particularly if new claims and parties are added.

In addition, granting Plaintiff's motion would frustrate judicial economy and be prejudicial to the public interest, due to the untold expansion of claims, defendants, and time required to bring this case to resolution. In short, Plaintiff's stated intention to bring in a host of new claims and governmental defendants would unnecessarily and inappropriately expand the scope of this litigation. As Defendant Awareness points out, given the undersigned's existing Report and Recommendation recommending the dismissal of that Defendant, it also would be inappropriate to add in new claims against individuals affiliated with that Defendant.

### C. Plaintiff Luis's Motion for Protective Order/ to Quash his Deposition

On July 8, 2013, Plaintiff Luis filed a motion seeking an order form this Court "to

---

[6] In a more recent document, Plaintiff claims that he chose not to seek needed documents from the six Plaintiffs in Case No. 1:11-cv-884, particularly from Catherine Zang, because of the "added expenses to Ms. Coriell's already financially stretched client" that such requests would entail. (Doc. 128 at 3). Again, this is not good cause for Plaintiff's failure to conduct discovery.
[7] Plaintiff demonstrates remarkable familiarity with the Federal Rules of Civil Procedure in many documents filed of record, frequently citing both those rules and case law.
[8] All defendants make the same representation, although the Donovan Defendants indicate that Defendants Mary Jill Donovan and Michael McCafferty may testify concerning the legal advice that they rendered in the underlying divorce proceeding. (*See* Docs. 91, 93, 94).

10

deny discovery entirely." (Doc. 98 at 3). Plaintiff seeks more immediately to quash the notice of deposition served on him by Defendants on or about July 3, 2013 (Doc. 95), seeking to depose him in this district on July 31 and August 1, 2013.[10] Plaintiff argues that to require him to submit to a deposition in this district would be "unduly burdensome" because he proceeds *pro se* and lives in Florida. Plaintiff also objects to the written discovery requests promulgated upon him, including requests that seek documents that Plaintiff Luis believes to be protected by the attorney-client privilege. On July 9, 2013, as has become his habit, Plaintiff Luis filed an "Amended" motion. (Doc. 99).

Having initiated this federal litigation *pro se*, Plaintiff must submit to discovery if he wishes to continue pursuing any claims in this Court. Plaintiff protests that he initiated this litigation in Florida, but the Florida district court previously ruled that it lacked personal jurisdiction over the Defendants and that venue was improper in Florida. Plaintiff cannot claim entitlement to a forum where jurisdiction did not lie. As Defendants and the Florida court pointed out, Plaintiff made no argument in opposition to the claim of improper venue. Regardless of his current opposition, the prior ruling is the law of the case and will not be revisited by this Court.

For all the reasons cited by the Donovan Defendants in their memorandum in opposition to Plaintiff Luis's motion (Doc. 100), Plaintiff has failed to demonstrate undue burden or unreasonable expense or provided evidence that he is financially incapable of traveling to Cincinnati for his deposition. In fact, review of the email correspondence and Plaintiff's memoranda find no evidence of actual inability to travel, but rather, mere

---

[9]The Donovan Defendants set forth the various complaints in a footnote. (Doc. 96 at n.1).
[10]The Rule 26(f) report filed by the parties and adopted by this Court agrees to party depositions lasting

protests about the "extravagant" expense when weighed against cheaper alternatives to Plaintiff, such as a videotaped deposition or requiring at least eight defense counsel to travel to Florida.[11] Defendants have submitted an affidavit representing that the cost for Plaintiff to travel by Greyhound bus to Cincinnati is $258.00 round trip. Obviously, the cost for all counsel to travel to Florida greatly outweighs that expense.

Plaintiff also is required to respond to all written discovery requests. To the extent that Plaintiff objects to any specific request on grounds of privilege, he should identify his objection with particularity and include a privilege log that identifies, at a minimum, the parties to the communication, the date of the communication, and the basis for the claimed privilege.

Notwithstanding his stated objection to this Court granting her motion to withdraw from representation, Plaintiff also seeks to stay or quash all discovery at this time on grounds that Ms. Coriell is "far too compromised to continue" and that "to force her to stay with her unfortunate client[s] would be to guarantee the demise of that case altogether." (Doc. 99 at 3). However, Ms. Coriell's motion is being conditionally denied by the instant order. Therefore, to the extent that Mr. Luis has any standing to object to discovery on behalf of Plaintiffs in a different lawsuit who are represented by separate counsel, his motion to stay all discovery is without merit.

### D. Motion to Strike Amended Complaint in Case No. 1:12-cv-629

Beginning with the consolidation of separate state and federal lawsuits filed by

---

two days.
[11] The email correspondence attached to Plaintiff's motion explains that he hopes for "the support of generous privacy rights donors who believe in this cause" in order to raise the necessary funds that will be needed for any future trial. (Doc. 99 at 12). In his most recently filed document, Plaintiff Luis states that "[r]ecently, Plaintiff has been able to obtain some necessary aid" to assist him in the development of his case. (Doc. 128).

12

Plaintiff Luis in Florida, the record in Case No. 1:12-cv-629 contains multiple complaints and amended complaints, even without Plaintiff's promise of more to come. (*See, e.g.*, Docs. 1, 12, 14, 22, 39). Plaintiff's last "amended complaint" filed a year ago on July 20, 2012, named 11 corporate and individual defendants and spanned 43 pages. On May 1, 2013, Plaintiff Luis filed – without leave of this Court – another "Amended Complaint" in Case No. 1:12-cv-629. (Doc. 121). The latest "amended complaint" identifies nineteen defendants (eight more than in his last amendment) and spans 56 pages.

The Court's scheduling order set May 1, 2013 as the deadline by which any party could "move to amend." (Doc. 72 in lead Case No. 11-cv-884). On May 2, 2013, Defendant Awareness Technologies moved to strike Plaintiff's latest amended complaint on grounds that it was in violation of the Court's scheduling order. (Doc. 122). Seven existing Defendants filed answers, (Docs. 129, 130), but many of the newly named Defendants and some of the previously named Defendants do not appear to have responded. Plaintiff Luis has filed a response in opposition to the motion to strike (Doc. 128) in which he seeks permission of this Court to not only preserve his previously filed amended complaint, but alerts the Court that he "intends to properly file a motion to [further] amend [his complaint] in the coming days." (Doc. 128 at 7).

The motion of Defendant Awareness to strike Plaintiff's May 1 "Amended Complaint" is granted in part. The undersigned previously filed an R&R recommending the dismissal of Awareness Technologies from this litigation and it would be improper on that basis alone to permit the amendment. Further, while Plaintiff proceeds *pro se* and *in forma pauperis*, neither status affords him license to disregard either civil rules or the prior scheduling order of this Court. One reason that a motion for leave to amend

13

was required is to permit parties to object on the basis that a proposed amendment should be denied because it would not survive a motion to dismiss, which in this case (as set forth in the prior R&R) appears to be the case.

### E. Motion for Leave to Proceed *In Forma Pauperis* in 1:11-cv-629

On July 17, 2013, Plaintiff filed a new motion to proceed *in forma pauperis*, in which he states that he is unemployed and has essentially no assets, with student loan debt of $200,000.00.[12] (Doc. 141). The ability to proceed *in forma pauperis* grants a litigant only the right to file a lawsuit without payment of a filing fee; it does not permit him to impose all other litigation expenses on this Court or on opposing counsel. As Plaintiff was previously granted *in forma pauperis* status when he first filed suit in Florida, no filing fee is due and his motion is moot. (*See* Doc. 5).

### III. Conclusion and Order

For the reasons discussed above, **IT IS ORDERED THAT**:

1. The motion of Ms. Coriell to withdraw from representation of six plaintiffs in Lead Case No. 1:11-cv-884 (Doc. 76) is conditionally DENIED at this time, as is the parallel motion in Case No. 1:12-cv-629 (Doc. 123).

    a. Counsel may re-file a motion to withdraw in Lead Case No. 1:11-cv-884 not earlier than **August 30, 2013** to the extent that said motion fully complies with Local Rule 83.4, and after consulting with each of her six individual clients;

    b. Counsel must continue to represent her clients up to and including **August 30, 2013**, including, if necessary to represent her clients' separate

---

[12] The reason for Mr. Luis's sizable student loan debt remains unclear. In his earlier motion for leave to proceed *in forma pauperis*, he averred only that his student loan debt exceeded $50,000.00. (Compare Doc. 4).

14

interests, by appearing at the deposition of Plaintiff Luis in Case No. 1:12-cv-629;

      c. Whether or not the motion to withdraw is re-filed on or after August 30, 2013, counsel must file a status report with this Court not later than August 30, 2013 that sets forth the status of her representation and the status of this case, including whether any responses to Defendants' discovery requests remain outstanding;

      d. To the extent that any of the six Plaintiffs wish to terminate the representation of Ms. Coriell on their behalf, each Plaintiff must obtain new counsel or state his/her intention to proceed *pro se* on or before **September 17, 2013**. To avoid further prejudice to Defendants, to the public, and to the interests of this Court, Plaintiffs must clearly indicate in his or her (or a joint) written status report: 1) whether they have yet retained new counsel; 2) whether they intend to proceed *pro se* assuming they have not retained new counsel by the September 17 deadline for doing so; or alternatively, 3) whether they intend to dismiss their claims.

      e. Plaintiffs' obligation to file joint or separate status reports by September 17, 2013 will not be extinguished except: 1) to the extent that each individual Plaintiff agrees to continue representation by Ms. Coriell, and that fact is represented in the earlier status report filed by counsel on or before August 30; or 2) new counsel for each Plaintiff enters his or her appearance on or before September 17, 2013;

2. Plaintiff Luis's motion and amended motion for a modification of the current pretrial scheduling order applicable to both cases (Docs. 86, 87) are DENIED;

15

3. Plaintiff Luis's motion and amended motion for the entry of a protective order and to quash his recently Noticed deposition (Docs. 98, 99) are DENIED.  However, to permit Plaintiff Luis adequate time to travel by bus to Cincinnati, his Deposition should be renoticed *at the convenience of Defendants* with one week's notice being deemed sufficient for Plaintiff, on a date to begin on or before **August 30, 2013**;

4. Plaintiff Luis shall serve responses to any outstanding written discovery requests on or before **August 12, 2013**.  Plaintiff is forewarned that a failure to respond may result in sanctions under Rule 37;

5. In Case No. 1:12-cv-629, the motion of Defendant Awareness Technologies to strike the amended complaint filed by Plaintiff Luis on May 1, 2013 (Doc. 122) is GRANTED to the extent that Plaintiff improperly filed his amended complaint without leave of court as required by the Court's prior scheduling order;

6. In Case No. 1:12-cv-629, the motion for leave to proceed *in forma pauperis* filed by Mr. Luis (Doc. 141) is DENIED as moot.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge