UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CATHERINE J. ZANG, et al.,                  Lead Case No. 1:11-cv-884

      Plaintiffs                            Dlott, J.
                                           Bowman, M.J.
   v.

JOSEPH ZANG, et al.,

      Defendants

--------------------------------------------------------------------------

JAVIER LUIS,                           Case No. 1:12-cv-629

      Plaintiff,                          Dlott, J.
   v.                                             Bowman, M.J.

JOSEPH ZANG, et al.,

      Defendants.

**REPORT AND RECOMMENDATION**

On November 15, 2012, the above two cases were consolidated for pretrial purposes only, with any "dispositive motions, including but not limited to motions to dismiss or motions for summary judgment" to be filed under the original case number to which the motion pertained. (Docs. 43, 49 in Lead Case No. 1:11-cv-884)). After the pretrial consolidation order was entered, *pro se* Plaintiff Javier Luis, who is a named plaintiff *only* in Case No. 1:12-cv-629, was permitted to file motions in Lead Case No. 1:11-cv-884 in order to comply with the consolidation instructions. This Report and Recommendation addresses Mr. Luis's motion for leave to file an amended complaint in

1

Lead Case No. 1:11-cv-884, in light of the recent settlement of Plaintiff Luis's claims in Case No. 1:12-cv-629.[1]

### I.     Relevant Procedural Background

On March 5, 2013, the undersigned filed a Report and Recommendation ("R&R") recommending that the motion of Defendant Awareness Technologies to dismiss all claims filed against it by Plaintiff Luis in Case No. 1:12-cv-629 be granted. (Doc. 109 in Case No. 1:12-cv-629). Because that R&R pertains only to the dispositive motion filed in Case No. 1:12-cv-629, the R&R also was filed only in that case. Plaintiff Luis filed objections to that R&R, which objections remain pending before the presiding district judge.

On May 1, 2013, Plaintiff Luis purported to file an "amended complaint" in Case No. 1:12-cv-629, in which he attempted to assert new claims against Awareness Technologies and other newly identified Defendants. (Doc. 121 in Case No. 1:12-cv-629). On August 1, 2013, the undersigned granted Defendant Awareness Technologies' motion to strike that pleading as improperly filed on procedural grounds, because Plaintiff had failed to first file a motion seeking leave of court. The undersigned further noted that the tendered amended complaint reiterated claims against Awareness Technologies, as to which the undersigned had already recommended dismissal. Moreover, the tendered amended complaint appeared to greatly expand the pending litigation to the prejudice of all Defendants, with unrelated claims against newly identified defendants. (Doc. 142 in Case No. 1:12-cv-629).

---

[1] For the same reasons the amended complaint was stricken in Case No. 1:12-cv-629 on procedural grounds, Mr. Luis's motion for leave to amend in this Lead Case No. 1:11-cv-884 could be denied by Order. However, this R&R has been filed because a portion of the analysis could be considered to be dispositive in nature.

2

On August 7, 2013, apparently in response to the Court's August 1 Order in his companion case, No. 1:11-cv-884, Mr. Luis filed a "motion for leave to file a second amended complaint" in Lead Case No. 1:11-cv-884. As previously stated, Mr. Luis is not and has never been a Plaintiff in that case. On August 21, 2013, Defendant Awareness Technologies filed a response in opposition to Plaintiff's motion for leave to amend his complaint. (Doc. 117 in Lead Case No. 1:11-cv-884). On August 23, 2013, Mr. Luis filed a reply memorandum in support of his motion to amend. (Doc. 118 in Lead Case No. 1:11-cv-884). On August 28, 2013, Defendants Joseph Zang Custom Builders, Joseph O. Zang, Mary Zang, and Zang General Contractors filed an additional response in opposition to Plaintiff Luis's motion to amend. (Doc. 120 in Lead Case 1:11-cv-884).

Between August and September, 2013, the undersigned filed a series of Orders in Case No. 1:12-cv-629 relating to the scheduling of Plaintiff Luis's deposition in Cincinnati, Ohio. Plaintiff filed a series of both informal objections, some of which were heard via telephonic hearings, and formal motions concerning the details of his deposition. All of Plaintiff's objections and motions were addressed by the referenced Orders. (*See* Docs. 101, 144, 145, 150, 151 in Case No. 1:12-cv-629). On September 6, 2013, Mr. Luis filed under Lead Case No. 1:11-cv-884, an "Objection to Magistrate Judge's Order Allowing Videotaping of the Coming Deposition." (Doc. 127 in Lead Case No. 1:11-cv-884). On the same date, the Donovan Defendants filed a responsive motion to strike Plaintiff Luis's Objection. (Doc. 125 in Lead Case No. 1:11-cv-884).

On September 26, 2013, Plaintiff Luis filed a "Notice of Partial Settlement," representing that he had signed a settlement agreement "with the Ohio based

3

defendants," but "not Awareness Technologies or any of the newly added defendants in the recent Amended Complaint." Plaintiff filed this "Notice of Partial Settlement" under Lead Case No. 1:11-cv-884. (Doc. 128). On October 24, 2013, the Court filed an entry of dismissal with prejudice in the case in which Mr. Luis actually is a Plaintiff, Case No. 1:12-cv-629, reflecting the dismissal of all claims between Mr. Luis and Defendants Joseph O. Zang, Mary Zang, Joseph Zang Custom Builders, Zang General Contractors, Inc., Mary Jill Donovan, Michael McCafferty, Mary Jill Donovan, LLC d/b/a Donovan Law, Joseph C. Zang and Joseph Zang Guilders. (Doc. 154 in Case No. 1:12-cv-629).

**II. Analysis**

As the above procedural history demonstrates, the partial consolidation of Case Nos. 1:11-cv-884 and 1:12-cv-629, while intended to facilitate and expedite related pretrial proceedings, has at times proved to be a source of confusion. Regardless, at this point in time several things are clear, including how this Court should address two pending motions.

First, the motion to strike Plaintiff's Objection (non-motion), filed by the Donovan Defendants in Lead Case No. 1:11-cv-884, will be denied as moot by separate order filed herewith. The motion pertains to a document that ostensibly concerns Plaintiff's September deposition, and the Donovan Defendants and Mr. Luis have since resolved their underlying dispute.

Second, the pending motion to file an amended complaint by *pro se* litigant Javier Luis should be denied. Mr. Luis's last "amended complaint" was disallowed as procedurally improper in the sole case in which he is a Plaintiff, Case No. 1:12-cv-629. After that amended complaint was stricken as procedurally improper in Case No. 1:12-

4

cv-629, Plaintiff filed a formal motion in which he essentially sought leave to file the same (disallowed) amended complaint in Lead Case No. 1:11-cv-884. All Defendants have filed responses in opposition to Mr. Luis's motion, to which Mr. Luis has filed a reply memorandum.

Mr. Luis's motion for leave to amend in Lead Case No. 1:11-cv-884 should be denied on multiple grounds. The motion should be denied as procedurally improper, to the extent that it seeks to add Mr. Luis as a party "plaintiff" to a case in which he has never been a Plaintiff, and which has been consolidated only for purposes of pretrial proceedings. Additionally, the motion should be denied because Mr. Luis has – since filing the motion – settled with nearly all of the named Defendants as to which the "amended" complaint would pertain. Although Mr. Luis has not settled with Defendant Awareness Technologies, the undersigned has previously recommended dismissal of that Defendant. (*See* Doc. 109 in Case No. 1:12-cv-629). If the presiding district judge adopts that pending R&R, there would be no point in granting Mr. Luis leave to reinstate already-dismissed claims. Last, to the extent that Mr. Luis still may seek to add new claims against entirely new governmental entities or other Defendants in Case No. 1:12-cv-629, the motion should be denied for the reasons previously stated in the prior order in that case. (Doc. 142 in Case No. 1:12-cv-629).

### III.   Conclusion

For the reasons discussed above, **IT IS RECOMMENDED THAT** Mr. Javier Luis's motion for leave to file a second amended complaint in Lead Case No. 1:11-cv-884 be DENIED, whether construed as a motion for leave for Mr. Luis to add his name as a Plaintiff in Lead Case No. 1:11-cv-884, or whether construed as a motion to further

amend his prior complaint in Case No. 1:12-cv-629.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CATHERINE J. ZANG, et al.,

    Plaintiffs          Dlott, J.
                       Bowman, M.J.

v.

JOSEPH ZANG, et al.,

    Defendants

-----------------------------------------------------------------------

JAVIER LUIS,                                                                 Case No. 1:12-cv-629

    Plaintiff,          Dlott, J.
v.                                                     Bowman, M.J.

JOSEPH ZANG, et al.,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).