UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CATHERINE J. ZANG, et al.,

      Plaintiffs

v.

JOSEPH ZANG, et al.,

      Defendants

Lead Case No. 1:11-cv-884

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On April 28, 2014, Javier Luis, the named Plaintiff in a related case consolidated solely for purposes of pretrial proceedings but not for trial, *see* Case No. 1:12-cv-629, filed a "Notice of Appeal" in the above captioned Lead Case No. 1:11-cv-884. Mr. Luis also filed a motion for leave to proceed *in forma pauperis* in Case No. 1:11-cv-884. (Doc. 170). For the reasons that follow, Mr. Luis's motion for leave to appeal without payment of the appellate filing fee should be denied, because the appeal would not be taken in good faith and/or any appeal would be frivolous.

**I.    Relevant Procedural Background**

On March 5, 2013, the undersigned filed a Report and Recommendation ("R&R") recommending that the motion of Defendant Awareness Technologies to dismiss all claims filed against it by Plaintiff Luis in Case No. 1:12-cv-629 be granted. (Doc. 109 in Case No. 1:12-cv-629). Because that R&R pertains only to the dispositive motion filed in Case No. 1:12-cv-629, the R&R was filed only in that case. Plaintiff Luis filed objections to that R&R, which objections remain pending before the presiding district

1

judge. As Mr. Luis notes in a separate filing made in this case, the R&R has never been adopted and remains pending in the only case in which he is a named Plaintiff, Case No. 1:12-cv-629.[1]

On August 7, 2013, apparently in response to an adverse August 1, 2013 Order in his companion case, No. 1:11-cv-884, Mr. Luis filed a "motion for leave to file a second amended complaint" in Lead Case No. 1:11-cv-884. On October 29, 2013, the undersigned recommended that Mr. Luis's motion, whether construed as a motion to further amend his prior complaint in his companion case of 1:12-cv-629, or whether construed as a motion for leave to proceed as a new party Plaintiff in Case No. 1:11-cv-884, be denied. (Doc. 129). On April 1, 2014, Chief District Judge Susan J. Dlott adopted that R&R for the opinion of the Court. (Doc. 157).

In addition to seeking leave to file an interlocutory appeal of the denial of his motion to enter his appearance as a newly named Plaintiff in Case No. 1:11-cv-884, and to proceed on that appeal *in forma pauperis*, Mr. Luis has filed a motion requesting Chief Judge Dlott to reconsider her order adopting the undersigned's October 29, 2013 R&R in this case, or in the alternative, asking the Court to rule on the long-pending R&R in Plaintiff Luis's own case, Case No. 1:12-cv-629. (Doc. 171; *see also* Doc. 171 "Notice" of correction to previously filed motion). That motion remains pending before the district judge.

**II. Analysis**

In this case (1:11-cv-884), Mr. Luis is seeking to appeal without payment of an appellate filing fee an order that denied him leave to file a new complaint as a new party

---

[1] If the R&R is adopted in Case No. 1:12-cv-629, Mr. Luis's case would be closed, as he has settled with all other Defendants in that case.

2

Plaintiff in a case that had been consolidated only for purposes of pretrial proceedings. Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *See also* Fed. R. App. P. 24(a).  Good faith in this context is demonstrated when the party seeks appellate review of an issue that is not frivolous.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  An appeal is frivolous where the appeal lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The denial of Mr. Luis's motion to add his name to the list of Plaintiffs in Lead Case No. 1:11-cv-884 was based on "multiple" grounds, including as "procedurally improper" to the extent that a similar "amended complaint" was disallowed as procedurally improper in the related case in which Mr. Luis is actually a named Plaintiff, Case No. 1:12-cv-629.  After his amended complaint was stricken as procedurally improper in Case No. 1:12-cv-629, Mr. Luis filed a motion in which he essentially sought leave to file the same (disallowed) amended complaint in Lead Case No. 1:11-cv-884. As the prior R&R adopted by the district court in Case No. 1:11-cv-884 explained:

> The motion should be denied as procedurally improper, to the extent that it seeks to add Mr. Luis as a party "plaintiff" to a case in which he has never been a Plaintiff, and which has been consolidated only for purposes of pretrial proceedings.  Additionally, the motion should be denied because Mr. Luis has – since filing the motion – settled with nearly all of the named Defendants as to which the "amended" complaint would pertain.  Although Mr. Luis has not settled with Defendant Awareness Technologies, the undersigned has previously recommended dismissal of that Defendant. (*See* Doc. 109 in Case No. 1:12-cv-629).  If the presiding district judge adopts that pending R&R, there would be no point in granting Mr. Luis leave to reinstate already-dismissed claims.  Last, to the extent that Mr. Luis still may seek to add new claims against entirely new governmental entities or other Defendants in Case No. 1:12-cv-629, the motion should be denied for the reasons previously stated in the prior order in that case. (Doc. 142 in Case No. 1:12-cv-629).

(Doc. 129 at 5). Since the date that the Court denied his motion to enter into Case No. 1:11-cv-884, discovery among the original parties to that case has proceeded. As previously stated, Mr. Luis also has filed a motion seeking reconsideration of the denial of his motion to enter into Case No. 1:11-cv-884, which motion also remains pending before the district judge. Again, Mr. Luis is not now and has never been a named Plaintiff in Case No. 1:11-cv-884. His non-party appeal of the Order previously entered by Chief Judge Dlott in that case is interlocutory. Moreover, the R&R concerning essentially the same issues remains pending in the case in which Mr. Luis is a named Plaintiff, Case No. 1:12-cv-629, along with his objections to that R&R.

For all of these reasons, an appeal of the still-pending R&R lacks any legal basis, is frivolous, and is not taken in good faith. *See United States v. Forty-One Thousand Nine Hundred Eighty Dollars*, 872 F.2d 1029 (6th Cir. April 17, 1989)(Table, text available on Westlaw, noting limits of appellate jurisdiction).

Pursuant to Fed. R. App. P. 24(a)(5), a "party" may file,[2] within thirty (30) days after entry of an order in the district court denying his motion for leave to proceed *in forma pauperis*, a motion with the Sixth Circuit Court of Appeals for leave to proceed as a pauper on appeal. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997). Should Mr. Luis attempt to file such a motion in this case, his motion must include a copy of the affidavit filed in the District Court and this Court's statement of reasons for denying pauper status on appeal. *Id.*; see Fed. R. App. P. 24(a)(5).

---

[2] Given one reason for denying Mr. Luis's prior motion to file an amended complaint in Lead Case No. 1:11-cv-884 was the fact that he is not, technically, a "party" Plaintiff in this case, the undersigned makes no determination of whether Mr. Luis would be considered a "party" for purposes of Rule 24(a)(5).

4

If Mr. Luis elects not to file a motion within thirty (30) days of receiving notice of the District Court's decision as required by Fed. R. App. P. 24(a)(5), or fails to pay the required filing fee of $455.00 within this same time period, the appeal will be dismissed for want of prosecution. *Callihan*, 178 F.3d at 804.  Once dismissed for want of prosecution, the appeal will not be reinstated, even if the filing fee or motion for pauper status is subsequently tendered, unless the party can demonstrate that he did not receive notice of the District Court's decision within the time period prescribed for by Fed. R. App. P. 24(a)(5). *Id.*

### III. Conclusion

Therefore, **IT IS RECOMMENDED THAT:**

Mr. Luis's motion for leave to proceed *in forma pauperis* on appeal (Doc. 170) be DENIED as lacking any legal basis, as frivolous, and as not taken in good faith.

    *s/ Stephanie K. Bowman*
    Stephanie K. Bowman
    United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CATHERINE J. ZANG, et al.,

       Plaintiffs                                       Dlott, J.
                                                             Bowman, M.J.

   v.

JOSEPH ZANG, et al.,

       Defendants

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).