UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CATHERINE J. ZANG, et al.,          Lead Case No. 1:11-cv-884

    Plaintiffs          Dlott, J.
         Bowman, M.J.
v.

JOSEPH ZANG, et al.,

    Defendants

**MEMORANDUM ORDER**

On June 6, 2014, after a telephonic conference on a prior motion to compel at which counsel for Joseph C. Zang failed to appear, the undersigned granted Plaintiffs' motion to compel the deposition of Joseph C. Zang.  (Doc. 178). Unfortunately, counsel for Defendant Joseph C. Zang, Mr. Andrew Smith, has continued to ignore the Court's prior order.  As a result, Plaintiffs filed a second motion to compel and for sanctions, to which Mr. Smith also failed to respond.  A second telephonic hearing was scheduled on the second motion for this morning, but Mr. Smith again failed to appear.  With no other recourse, the undersigned will grant the pending second motion to compel and for sanctions, as well as a related oral motion by Third Party Defendant Donald W. Roberts.

**I.  Background**

After the Defendants' first counsel withdrew, new counsel for Defendants Joseph C. Zang and Joseph Zang Builders was granted leave to appear *pro hac vice* both in this case and in a related case, Case No. 1:12-cv-629, on May 8, 2013. (Doc. 77; *see also* Case No. 1:12-cv-629).  On October 23, 2013, Chief Judge Dlott issued a "show

1

cause" order directing Mr. Smith to show cause why his *pro hac vice* status should not be revoked, based upon his failure to communicate with this Court. (Doc. 153 in Case No. 1:12-cv-629). The Court's order specifically noted: "The Court as well as attorney Charles Ashdown have made *numerous* attempts to contact attorney Mr. Smith," to no avail. (*Id*., emphasis added). At the time, Mr. Smith promptly complied with the Order directing him to show cause, and the order therefore was rescinded the following day. (Doc. 155).

Notwithstanding his brief compliance with Judge Dlott's order, Mr. Smith – and by extension, his clients - continue to be extremely difficult to reach. On May 30, 2014, Plaintiffs filed their first motion to compel the deposition of Joseph C. Zang and for sanctions. (Doc. 176). Based upon the undersigned's standing order, and in light of the discovery cut-off of May 30, the undersigned noticed the matter for a prompt telephonic hearing on June 6, 2014. (Doc. 177). Although Mr. Smith received notice of the telephonic hearing and had adequate opportunity to either make arrangements to call into the conference, or arrange for another attorney to do so on his behalf, he failed to do either.[1]

During the hearing, at which Jennifer Coriell, Tom Doyle, Kimberly Pramaggiore, Bernard Wharton, and Donald Roberts all appeared, all counsel represented that none of them had heard from Mr. Smith despite multiple attempts to reach him. Counsel represented, in both the first written motion to compel filed by Plaintiffs and third party Defendant Donald Roberts, and in their statements to the Court during the June 6

---

[1] When the Courtroom Deputy to the undersigned attempted to reach Mr. Smith by telephone, he was informed by an associate (who appeared to be aware of the reason for the Court's call) that Mr. Smith was in depositions and could not be reached, and that the associate was not prepared to cover the hearing.

2

hearing, that after extensive discussions in scheduling the deposition of Joseph C. Zang, Mr. Smith cancelled the deposition "[l]ess than 40 hours prior," citing only a scheduling conflict on the part of counsel. In their prior motion to compel, Plaintiffs and Donald Roberts sought the imposition of monetary sanctions against Mr. Smith based upon the late cancellation without good cause. During the hearing, Mr. Roberts represented that he incurred expenses of $150.00 in court reporter fees, and $300.00 in a conference room fee; Ms. Coriell represented that she (and all other counsel) also incurred attorney's fees in preparation time.

Following the June 6 hearing, the Court granted Plaintiffs' and Mr. Robert's first motion to compel Defendant Joseph C. Zang to appear for a rescheduled deposition. The Court further granted a request to continue Defendant Zang's deposition for up to 14 hours over the course of two days. The Court's order specifically directed Defendant Joseph C. Zang to "appear for deposition at 9:00 a.m. on August 27, to continue through August 28, 2014, at the offices of Jennifer Coriell in Columbus, Ohio." (Doc. 178). However, the Court took "under submission…pending further consideration" a related request for the imposition of monetary sanctions under Rule 37, Fed. R. Civ. P. (*Id.*).

On August 19, 2014, Plaintiffs filed a second motion to compel discovery "and for …Sanctions."[2] Plaintiffs' second motion cites counsel's "[r]epeated attempts to contact…Mr. Smith," who "will not return either emails or telephone calls to any counsel of record in this case." (Doc. 190 at 2). The motion reiterates counsel's prior request

---

[2]Plaintiffs' prior motion mistakenly cited to Rule 11 rather than Rule 37, Fed. R. Civ. P. Plaintiffs' second motion repeats this error, notwithstanding the Court's prior instruction that "Rule 11 is inapplicable. Rule 37 governs the imposition of discovery sanctions." (Doc. 178 at 2, n.4). The undersigned will again construe Plaintiffs' motion as seeking sanctions under Rule 37.

3

for attorney fees, expenses and costs.

Eight days after Plaintiffs filed their second motion to compel and for sanctions, on the day that this Court previously directed Mr. Smith and his client to appear for Mr. Zang's deposition, August 27, 2014, the Courtroom Deputy to the undersigned received a telephone call from an associate who identified himself as "Ryan." While not listed as counsel of record, Ryan represented that he works with Mr. Smith. The associate related that Mr. Smith and Plaintiffs' counsel had agreed to extend the time for Mr. Smith to provide his client's responses to written discovery until September 8, 2014, and to continue the scheduled deposition for a date to be set not later than October 8, 2014. The associate further represented that Plaintiffs would be withdrawing the second motion to compel based upon counsel's mutual agreement for the completion of written and oral discovery. However, when the Courtroom Deputy Clerk emailed Plaintiffs' counsel to confirm the parties' "agreement," Plaintiffs' counsel denied any agreement to withdraw the second motion to compel, unless and until Mr. Smith provided the requested written discovery and the deposition was completed.

Ms. Coriell's caution was well-advised, as Mr. Smith once again failed to uphold his end of the bargain. After being alerted to that fact, on October 16, 2014, the undersigned scheduled another telephonic hearing on the second motion to compel. Jennifer Coriell, Kimberly Pramaggiore, and Donald Roberts appeared at the hearing held at 10:00 a.m. on October 22, 2014.

## II. Analysis of Current (Renewed) Motions to Compel and For Sanctions

Although properly noticed for the October 22 hearing, Mr. Smith again failed to

appear. Telephone calls placed to his office by the Courtroom Deputy, while other counsel and this Court waited patiently on the phone, were unanswered. The hearing proceeded without Mr. Smith – a now familiar occurrence.[3] During the hearing, Ms. Coriell represented that Mr. Smith had provided limited but incomplete written discovery responses, and that he had failed to provide any dates for the deposition of his client despite the Court's prior explicit order and notwithstanding repeated requests. Mr. Roberts also represented that he had made numerous unsuccessful requests to obtain a deposition date, and orally made a second (renewed) motion to compel and for sanctions.

Rule 37(d), Fed. R. Civ. P., provides for sanctions when a party fails to attend his own deposition or to provide complete responses to written discovery requests. In general, the rule provides for sanctions if "a party … fails, after being served with proper notice, to appear for that person's deposition," or if he "after being properly served with interrogatories …or a request for inspection…fails to serve …answers, objections, or written response." Rule 37(d)(1). "A failure [to respond or appear] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Rule 37(d)(2).

In addition to the sanctions authorized under Rule 37(d), Rule 37(b) provides for sanctions in situations like this one, where a party has failed to comply with a prior court order compelling discovery. "If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure

---

[3]The docket sheet reflects that, since Mr. Smith's entry of appearance in this case, he has appeared only once, at an unsuccessful settlement conference held before Judge Barrett on April 22, 2014. Mr. Smith failed to appear before the undersigned on August 13, 2013, August 29, 2013, February 18, 2014, March 10, 2014, June 6, 2014, and October 22, 2014.

may be treated as contempt of court." Rule 37(b)(1).

The sanctions authorized by both Rule 37(d) and Rule 37(b)(2) are identical. Thus, if a party fails to respond to discovery, appear for a deposition, or obey a discovery order, the court where the action is pending may issue orders including the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court he failure to obey any order except an order to submit to a physical or mental examination.

Rule 37(b)(2)(A); *see also* Rule 37(d)(3)("sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i) – (vi)").

Both provisions of Rule 37 mandate the award of attorney's fees in most cases, regardless of what other sanctions are imposed. "[T]he court <u>must</u> order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(d)(3)(emphasis added).

In the June 6 Order, the undersigned took Mr. Robert's and Plaintiffs' requests

6

for the imposition of attorney's fees and costs under submission. It is abundantly clear at this time that Mr. Smith and his client will continue to unreasonably and wilfully delay this litigation at the expense of all opposing parties and this Court. It is also clear from the record that this has long been Mr. Smith's pattern and practice of conduct, and that he has simply ignored this Court's prior warnings to alter that conduct.

With few exceptions, orders concerning pre-trial discovery matters including the imposition of monetary sanctions for violations under Rule 37 are considered to be non-dispositive.[4]  *Nance v. Wayne County*, 264 F.R.D. 331 (M.D. Tenn. 2009); *Sutton v. U.S. Small Bus. Admin.*, 92 Fed. Appx. 112, 120 (6th Cir. 2003)(motion for discovery sanction is "not excepted in subparagraph (A) or elsewhere referenced in §636(b)(1)(B)" and therefore a magistrate judge can determine a Rule 37 sanctions motion); *Starcher v. Correctional Medical Systems, Inc.*, 144 F.3d 418, 422-423 (6th Cir. 1998)(noting that imposition of fees is not within the exception of a "small class" of discovery orders that would be immediately appealable); *see generally Universal Health Group v. Allstate Ins. Co.*, 703 F.3d 953 (6th Cir. 2013)(series of non-dispositive sanctions imposed by order by magistrate judge, prior to report and recommendation that recommended sanction of dismissal for continued violations); *LeMasters v. Christ Hospital*, 791 F. Supp. 188 (S.D. Ohio 1991)(partially modifying but affirming "nondispositive" magistrate judge order imposing sanction of $500 per day for tardy discovery production). The undersigned has the authority to impose a monetary sanction of attorney's fees and costs, and indeed, is required to do so absent substantial justification for the conduct or circumstances that would make such an award unjust. Neither exists here. Thus, an

---

[4] Rule 37 motions for sanctions differ from sanctions under Rule 11, which the Sixth Circuit considers to be dispositive. *See Bennett v. General Caster Serv.*, 976 F.2d 996, 997 (6th Cir. 1992).

award of expenses and fees will be imposed against Mr. Smith and his client at this time, by virtue of this Order.

In addition to the award of expenses and fees, Mr. Smith will be required to show cause why his pro hac vice status should not be revoked at this time, a recommendation that the undersigned will not make lightly, but as to which Mr. Smith's conduct to date offers little alternative. Last, the undersigned will take under submission the issue of whether to recommend that the presiding district judge enter an additional more dispositive order concerning the claims against Joseph C. Zang, as authorized under Rule 37(b)(2)(A).

### III. Conclusion and Order

Accordingly, **IT IS ORDERED:**

1. Plaintiffs' second (renewed) motion to compel and for sanctions (Doc. 190), and Third Party Defendant Roberts' renewed oral motion for the same, are GRANTED;

2. Andrew Smith and his client, Joseph C. Zang, shall pay to Mr. Roberts the sum of $600.00 as a monetary sanction based upon Mr. Joseph C. Zang's prior and continued failure to appear for his deposition, and failure to fully respond to written discovery requests;[5]

3. Andrew Smith and his client, Joseph C. Zang, shall pay to Plaintiffs' counsel, Jennifer Coriell, the additional sum of $600.00 as a monetary sanction for the same conduct;[6]

4. Joseph C. Zang shall FULLY respond to the outstanding written discovery

---

[5] The amount is based upon Mr. Roberts' representation on June 6 that he incurred $450.00 of expenses, plus the addition of $150.00 for his time in attending two telephonic hearings on the motions to compel.
[6] The amount awarded to Ms. Coriell is based upon the time she expended preparing two separate written motions, as well as the time she spent attending the two telephonic hearings.

requests on or before **November 7, 2014** or face additional sanctions;

     5.  Joseph C. Zang shall appear for a deposition in Columbus, Ohio on a date to be determined in the immediate future, on or before **November 14, 2014**;

     6.  Andrew Smith shall SHOW CAUSE on or before **November 3, 2014** as to why the undersigned should not recommend both the revocation of his pro hac vice status in this Court, and the imposition of one or more of the non-monetary sanctions against him and/or his client as authorized by Rule 37(b)(2)(A).

                                              *s/ Stephanie K. Bowman*
                                              Stephanie K. Bowman
                                              United States Magistrate Judge